William PEACH, Plaintiff–Appellant,

v.

**ULTRAMAR DIAMOND SHAMROCK;**
Ultramar Diamond Shamrock Employee Benefits Review Committee,
Defendants–Appellees.

No. 02–2392.

United States Court of Appeals,
Sixth Circuit.

July 29, 2004.

Rehearing En Banc Denied
Sept. 30, 2004.

Mandel I. Allweil, Van Benschoten, Hurlburt, Tsiros & Allweil, Saginaw, MI, for Plaintiff–Appellant.

Charles S. Mishkind, Miller, Canfield, Paddock & Stone, Grand Rapids, MI, for Defendant–Appellee.

Before: SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

**OPINION**

COLE, Circuit Judge.

Plaintiff–Appellant William Peach appeals the district court's order granting judgment to Defendants–Appellees Ultramar Diamond Shamrock ("UDS") and the Ultramar Diamond Shamrock Employee Benefits Review Committee ("EBRC") in his suit against UDS under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), challenging the EBRC's denial of his severance benefits under the Change in Control Severance Plan ("Plan"). On appeal, Peach alleges that the district court erred by: (1) refusing to apply a heightened arbitrary and capricious standard of review to the EBRC's decision because of the conflict of interest rooted in UDS's

dual role as sponsor and administrator of the Plan; (2) requiring him to submit evidence of a conflict of interest regarding the Plan administrator and UDS Vice President of Human Resources, Penelope Viteo; (3) refusing to apply the rule of *contra proferentem* to the allegedly ambiguous language in the Plan; and (4) upholding the EBRC's denial of benefits as reasonable.

This appeal arises out of a dispute between Peach and UDS for an enhanced severance package that Peach was to receive upon completion of his obligations as a member of the transition team that was created as a result of UDS's acquisition of Peach's former employer, Total Petroleum, Inc. During the transition period, which was scheduled to last from late 1997 through September 1998, Peach was responsible for training UDS employees on accounting procedures for the state of Michigan.

In March 1998, Peach was informed that he would be required to go to San Antonio, Texas in order to train an unspecified number of employees. Peach was originally scheduled to travel to San Antonio for up to eight weeks. After informing UDS representatives of his religious and community-related commitments, Peach was told that he could travel to San Antonio every week, leaving Michigan on Monday and returning on Friday, for up to eight weeks. The central question on appeal is whether this work assignment constituted a "relocation" within the meaning of the Plan.

After carefully reviewing the record, the briefs of each party, and the applicable law, and having had the benefit of oral argument, we agree with the district court's order affirming the EBRC's denial of Peach's application for enhanced severance benefits. We conclude that the EBRC did not act arbitrarily or capriciously in its determination that the assignment requiring Peach to travel to San Antonio was not a relocation within the meaning of the Plan. Because the district court's reasoning sufficiently addresses each of the issues raised on appeal, the issuance of a detailed opinion by this court would merely be duplicative. Accordingly, the judgment rendered by the district court is **AFFIRMED** on the basis of the Memorandum Opinion dated October 24, 2002.